IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GINA LASHAWN DAVIS,

    Plaintiff,

v.                                              CASE NO. 1:16-cv-00030-MP-CAS

CAROLYN W COLVIN,

    Defendant.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 30, 2016. (Doc. 17). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at Doc. 18. I have made a de novo review based on those objections. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.

Although Plaintiff contends that the ALJ relied on boilerplate language to discredit her pain testimony, Plaintiff's argument ignores the fact that the ALJ stated specific reasons in his credibility determination, as correctly noted in the R&R. Doc. 17, pp. 27-28. The R&R noted that the credibility determination was not simply a set of boilerplate statements as Plaintiff alleges, but instead specific findings related to daily activities, Plaintiff's illegal drugs use, Plaintiff's medical records, Plaintiff's contradictory statements, and Plaintiff's failure to comply with treatment. Doc. 17, pp. 27-28. As the R&R noted, the ALJ properly set out the basis for his

credibility determination and his decision was supported by substantial evidence. Thus, Plaintiff's Objections are incorrect on this point and the Court should adopt the findings of the R&R.

Regarding Plaintiff's objections related to the ALJ's weighing of her treating physician, the R&R set out the correct legal standard for the weighing of medical opinions, and listed all the factors the ALJ took into account when determining the weight to assign. Doc. 17, pp. 20-25. Regardless of Plaintiff's arguments, the ALJ did not simply reject the opinion of the treating physician out of hand without explanation. As theR&R explained, the treating physician's opinion was properly weighed in light of its conclusory nature and the multiple inconsistencies between it and the medical evidence of record. Doc. 17, pp. 25-28. The R&R also properly noted the role of the State agency medical consultants in the overall weighing of the evidence. Doc.17, p.29.As the R&R detailed, the ALJ stated good cause for his treatment of the medical opinion evidence and his decision should be affirmed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is affirmed.  The Clerk is directed to enter judgment and close the file.

**DONE AND ORDERED** this *8th*  day of December, 2016

 *s/Maurice M. Paul*
 Maurice M. Paul, Senior District Judge